OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner erects, leases and maintains outdoor advertising display signs throughout the City of New York. It brought these consolidated proceedings challenging the real property tax assessment of certain structures it uses for that purpose which are annexed to “El” superstructures. Special Term held the structures were not taxable as real property and vacated the assessments. The Appellate Division, relying on our decision in
 
 Matter of Consolidated Edison Co. v City of New York
 
 (44 NY2d 536), reversed the judgment and reinstated the assessments. We agree that the assessments were correctly reinstated but we modify to remit for a hearing on the issue of overvaluation.
 

 In 1964, petitioner, through its subsidiary Foster & Kleiser, obtained the right to construct and lease outdoor advertising displays on designated structures of elevated railroad stations operated by the New York City Transit Authority (Authority). Seven years later, it entered into a 10-year contract with the Authority which continued the exclusive franchise to erect such displays on Authority property. Pursuant to this agreement, petitioner constructed over 100 advertising display signs throughout the city. Only 33 located in The Bronx are the subject of this appeal.
 

 The 33 displays in question consist of a 13-foot by 48-foot plywood sign “face” that holds the advertisement and a 14-foot by 48-foot steel frame upon which the “face” is attached. The frame is constructed of vertical and horizontal steel members which are connected with nuts and bolts. After the frames are preassembled in petitioner’s shop, they are brought to the street site and hoisted up the “El”
 
 *89
 
 superstructure. There the frame is attached with nuts and bolts to small metal plates which are welded to the “El” superstructure. Electrical connections run from the display through the superstructure in order to provide nighttime illumination. Although the frames can be removed within one day, it appears that nearly all of the displays involved here have remained attached to Authority property for the 15-year period since their installation.
 

 The agreement between petitioner and the Authority provides that petitioner was financially responsible for the construction and maintenance of the signs and it further agreed to pay the Authority a fixed percentage of gross income derived from its advertisers. Petitioner also acquired an insurable interest in the displays. Under the terms of the agreement, the Authority had the option to acquire title to the frames at the expiration of the franchise term. If it did not exercise the option, then petitioner was obligated to remove the displays. Following the expiration of the contract and after the tax years at issue, the Authority did exercise its option to acquire these frames and none have been removed.
 

 Beginning with the tax year 1974-1975 and for five years thereafter, the city assessed all 33 displays in The Bronx as real property taxable under section 102 (subd 12, par [b]) of the Real Property Tax Law. Petitioner commenced six separate proceedings for review of these assessments contending that the sign frames are not real property but are instead personalty exempt from the ad valorem tax.
 
 [1]
 
 Special Term granted petitioner’s motion for summary judgment and vacated the assessments. It ruled that the easy physical removability of the frames precluded a finding that they were “real property” within the definition of the Real Property Tax Law. The Appellate Division reversed, with two Justices dissenting. The majority held that the frames were physically and functionally affixed to the superstructure on a relatively permanent basis and thereby fell within the statutory definition of taxable real property, interpreted by this court in
 
 Matter of Consolidated Edison Co. v City of New York
 
 (44 NY2d 536,
 
 supra).
 

 
 *90
 
 Section 300 of the Real Property Tax Law provides that all real property within the State is subject to an ad valorem tax. The Legislature has the power to classify property as real property or not for purposes of taxation provided there is a reasonable basis for the classification (see
 
 Matter of Consolidated Edison Co. v City of New York, supra,
 
 pp 540-541). Petitioner does not claim an unreasonable classification, it contends only that its property does not fit within the statutory definition of taxable real property. The pertinent statute defines real property as “[bjuildings and other articles and structures, substructures and superstructures erected upon, under or above the land, or affixed thereto” (Real Property Tax Law, § 102, subd 12, par [b]). The issue is whether petitioner’s frames are “affixed” to the “El” superstructure and thus constitute taxable real property under the statute.
 

 In making this determination in the past, we have resorted to the common law relating to fixtures for guidance (cf.
 
 Matter of Consolidated Edison Co. v City of New York,
 
 44 NY2d 536,
 
 supra; Matter of City of Lackawanna v State Bd. of Equalization & Assessment,
 
 16 NY2d 222, 226-227).
 
 [2]
 
 To meet the common-law definition of fixture, the personalty in question must: (1) be actually annexed to real property or something appurtenant thereto; (2) be applied to the use or purpose to which that part of the realty with which it is connected is appropriated; and, (3) be intended by the parties as a permanent accession to the freehold (23 NY Jur, Fixtures, § 2; see
 
 Voorhees v McGinnis,
 
 48 NY 278, 282). There is evidence in the record indicating that the sign frames at issue exhibit all three characteristics.
 

 With regard to annexation, each sign is attached to metal plates which themselves are “appurtenant” to real property in that they have been welded to the superstructure. As to use, the sign frames were devoted to one of the more common uses of the railroad station superstructure, advertising display. Finally, it appears that the parties
 
 *91
 
 intended the sign frames to be “permanent” over the life of the franchise agreement, as evidenced by the fact that few, if any, were removed.
 

 Aside from a consideration of whether physical affixation has occurred, it appears here that the parties intended to structure their separate interests in the property, as they were entitled to do (see
 
 Matter of National Cold Stor. Co. v Boyland,
 
 16 AD2d 267, affd 12 NY2d 808;
 
 People ex rel. Muller v Board of Assessors,
 
 93 NY 308; on separability of ownership see, generally, Taxation-Buildings on Leased Land, Ann., 154 ALR 1309), so that petitioner, the franchise holder, held a taxable interest in the frames even though the Authority held title to the appurtenant real property. Although the parties’ labeling of one as owner is not enough to create a taxable interest, a finding of such an interest is justified where that party exercises dominion and control over the property (see
 
 Matter of National Cold Stor. Co. v Boyland, supra,
 
 p 275). Here such dominion and control was exercised by petitioner because it: (1) had the right to install new frames and remove uneconomical ones; (2) had the right to amortize the signs over a five-year period; (3) had an insurable interest; (4) assumed all risk with regard to installation, maintenance and operation; (5) had the exclusive right to display outdoor advertising on rapid transit structures; and (6) was required to remove the frames in the event the Authority did not exercise its right to acquire title to them.
 

 The Appellate Division correctly determined that the petitioner’s cause of action alleging illegality should be dismissed. Because the courts below focused on petitioner’s illegality claim, however, it has not had an opportunity to establish the claim of overvaluation reserved in its motion papers before Special Term. Petitioner is entitled to a determination of that cause of action.
 

 Accordingly, the order of the Appellate Division should be modified, without costs, by reinstating the petition insofar as it seeks relief by reason of overvaluation and the matter should be remitted to Supreme Court, Bronx County, for hearing and determination of that issue and, as so modified, affirmed.
 

 
 *92
 
 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in
 
 Per Curiam
 
 opinion.
 

 Order modified, without costs, and matter remitted to Supreme Court, Bronx County, for further proceedings in accordance with the opinion herein and, ás so modified, affirmed.
 

 [1]
 

 . The city has conceded that the plywood faces on which the advertising signs are displayed are not taxable.
 

 [2]
 

 . The
 
 Consolidated Edison
 
 case is distinguishable in that it involved the question of functional attachment to the realty of floating barges whereas here we are concerned with an actual physical attachment of the sign frames to the Authority’s property by means of welded metal plates and nuts and bolts.