**STATE of Missouri ex rel. Delford THOMPSON, Collector of Revenue In and For the COUNTY OF SALINE, Respondent,**

v.

**OSAGE OUTDOOR ADVERTISING, INC., A Corporation, Appellant.**

**No. WD 34062.**

Missouri Court of Appeals,
Western District.

May 22, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
July 3, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Alex Bartlett, Bartlett, Venters & Pletz, P.C., Jefferson City, for appellant.

William A. Peterson, Pros. Atty., Marshall, for respondent.

Ulysses Clayborn, Michael F. Dandino, Legal Counsel, Jackson County, Kansas City, for respondent.

Before SOMERVILLE, P.J., and CLARK and BERREY, JJ.

CLARK, Judge.

Osage Outdoor Advertising, Inc. appeals from a judgment entered against it by the trial court in a suit brought by the Collector of Revenue for Saline County to recover delinquent personal property taxes. The question posed is whether state and local taxes may be levied pursuant to an assessment against billboards as tangible personal property.

The facts are brief and uncontested. Osage maintains certain billboards along Highway 65 and Interstate 70 in Saline County. The signs are painted bulletin boards some ten feet in height and forty feet in length. The panels are mounted on poles and cross stringers with the supporting poles being sunk in the ground six to nine feet. A sign is not removable without completely tearing it down and reducing it to lumber.

The right of Osage to maintain the sign on each property location is granted by a lease with the owner of the land. The term of the lease is fifteen years with a renewal option. The lease contains no provision as to removal of the sign at the end of the lease term and Osage does not regard removal as a viable option unless it be to prevent a competitor from using the material for his own sign. Few if any leases

have not been extended by use of the renewal option. Any salvage realized by removal of a sign is of minimal value.

The assessor of Saline County included the signs on the tax rolls for the years 1976, 1977, and 1978 and 1979 as personal property owned by Osage, the taxes were extended by the collector based on the valuations set by the assessor and when the tax bills were unpaid, this suit was commenced. Osage contended in defense of the action below and it again asserts here that the tax bills are invalid because the signs constitute real property under Article X, § 4(a) of the Missouri Constitution and § 137.010, RSMo 1978 and any attempt to tax the signs for ad valorem taxes as personal property is improper. The parties cite no Missouri decision directly on point.

The relevant provision of the Missouri Constitution states:

"All taxable property shall be classified for tax purposes as follows: class 1, real property; class 2, tangible personal property; class 3, intangible personal property. The general assembly, by general law, may provide for further classification within classes 2 and 3, based solely on the nature and characteristics of the property, and not on the nature, residence or business of the owner, or the amount owned. * * * " Mo. Const. Article X, § 4(a).

This constitutional provision has been held to prohibit sub-classification of real estate for the purposes of taxation. *Drey v. State Tax Commission*, 345 S.W.2d 228, 236 (Mo.1961).[1]

The legislature has defined the components of the constitutional classes of prop-

---

**1.** The *Missouri Constitution*, Article X, § 4(b) was amended at a special election August 3, 1982. The amendment authorizes sub-classification of taxable property classes 1 and 2 and, as to real property, the sub-classes are residential property, agricultural property and utility, industrial commercial, railroad and all other property. Responsive to this amendment, the legislature added § 137.016, RSMo Supp.1983, which defines the sub-classes of real property and provides that real property held for more than one use may be allocated by the assessor as to each sub-classification and assessed accord-

ingly. It may therefore be possible in the future to assess that portion of residential or agricultural real estate on which a sign is located as commercial land and value it accordingly. By reason of § 140.640, RSMo 1978, however, a sub-classification assessment would create no personal liability for payment of real estate taxes and no liability upon a lessee, such as Osage. Collection procedures remain limited, as to delinquent real estate taxes, to foreclosure of the tax lien by a sale of the real estate burdened by the tax lien.

erty for tax purposes in the following language:

Section 137.010, RSMo 1978:

"(2) 'Real property' includes land itself, whether laid out in town lots or otherwise, and all growing crops, buildings, structures, improvements and fixtures of whatever kind thereon, and all rights and privileges belonging or appertaining thereto;

(3) 'Tangible personal property' includes every tangible thing being the subject of ownership or part ownership whether animate or inanimate, other than money, and not forming part or parcel of real property as herein defined, but does not include household goods, furniture, wearing apparel and articles of personal use and adornment, as defined by the state tax commission, owned and used by a person in his home or dwelling place."

It is Osage's contention that advertising billboards constructed and maintained in the manner described earlier in this opinion are within the constitutional classification of real property because they are "structures, improvements or fixtures of whatever kind" and are therefore not taxable as tangible personal property. If this position be correct, then the judgment below must be vacated because no personal judgment may be rendered for payment of real estate taxes. Section 140.640, RSMo 1978.

The first question to be considered is the jurisdiction of this court to decide the case. Article V, § 3 of the Constitution of Missouri vests exclusive appellate jurisdiction in the Supreme Court in all cases involving the construction of the revenue laws of the state. If the construction of § 137.010, RSMo 1978 is the essential component of decision in the case, the cause must be transferred to the Supreme Court. The parties are of the view, however, that application of the statute rather than construction is the analysis necessary to settle the question. We agree.

■ It is true that no reported Missouri case has decided whether signboards are taxable as real or personal property for ad valorem taxes. As the discussion which follows will demonstrate, however, a number of prior cases have decided questions involving the taxable status of various structures, improvements and fixtures and they are applicable by analogy to signboards notwithstanding the circumstances of distinction in the articles of property considered. The principle of what additions affixed to real estate acquire the status of real property under the statute is a constant thread linking those cases to the subject case. On the same rationale enunciated by Judge Shangler in *A.P. Green Refractories Co. v. State Tax Commission*, 621 S.W.2d 340 (Mo.App.1981), we conclude that the present case is to be decided by the application of revenue laws already construed and it is therefore within the jurisdiction of this court.

The statutory definition of real property quoted earlier includes articles which are "structures." Osage argues that billboards erected in the manner of those under consideration in this case are structures and, hence, are real property for ad valorem taxes. In a less restricted and imprecise use of the term, respondent also describes the billboards as structures. If this be the appropriate characterization of the signs, then the statute requires that they be assessed as real property and not as personal property.

As a point of beginning, the following is extracted from 83 C.J.S. *Structures* (1953) at page 547–50:

"It has been said that the word 'structure' is very comprehensive, and one of the broadest terms in the English language ...

Primarily, 'structure' means a thing built, erected or fabricated; that which is built or constructed; something constructed or built, as a building, a dam or bridge. In its broadest and widest sense 'structure' means any construction; any production or piece of work artificially built up, or composed of parts joined together in some definite manner, and when the term is applied to a material thing made by human labor, it means

something composed of parts or portions which have been put together by human exertion.

In a more restricted sense, the word 'structure' is ordinarily understood to mean a building of any kind, especially a building of some size or magnificence; an edifice.

\* \* \* \* \* \*

The word 'structure' has been held to include ... a billboard ..."

The C.J.S. definition of structure was quoted with approval in *Greenberg v. Koslow*, 475 S.W.2d 434 (Mo.App.1971) which held that a swimming pool is a structure. Cases from other jurisdictions following the broad language of C.J.S. in its description of structure are: *Katsoff v. Lucertini*, 141 Conn. 74, 103 A.2d 812 (1954); *Dicillo & Sons Inc. v. Chester Zoning Bd. of Appeals*, 103 N.E.2d 44 (Ohio C.P.1951); *Seiz v. City of Hot Springs*, 194 Ark. 544, 108 S.W.2d 897 (1937).

The Missouri Supreme Court has ruled in the following cases that improvements affixed to the land are real property for purposes of taxation. *State ex rel. Benson v. Personnel Housing, Inc.* 300 S.W.2d 506 (Mo.1957) held that buildings on leased ground constituted real property and in *Iron County v. State Tax Commission*, 437 S.W.2d 665 (Mo.banc 1968) the leasehold was held to be taxable as real property. Water mains belonging to the Sedalia Water Company and located in the city streets were held to be appurtenant to the water plant with which they were connected and taxable as real property in *State ex rel. Sedalia Water Company v. Harnsberger*, 322 Mo. 94, 14 S.W.2d 554 (1929).

In the Missouri Court of Appeals, some few cases have considered the question of what constitutes a structure. *Easy Living Mobile Manor, Inc. v. Eureka Fire Protection District*, 513 S.W.2d 736 (Mo.App. 1974) was a case in which the corporation questioned its obligation to pay inspection fees for fire prevention and fire protection based on its ownership of concrete pads rented for use by owners of house trailers. The ordinance for the fire protection dis-

trict provided for inspection and the collection of a fee as to every building or structure in the district. The court held the word structure to be a broad term and cited authority holding a canal, fence, mine, telephone line, railway and aqueduct to be included in the term.

In a related series of cases, of which *State ex rel. Weatherby Advertising Company v. Conley*, 527 S.W.2d 334 (Mo.banc 1975) is representative, the issue was whether outdoor advertising signs are structures within the meaning of § 302 of the Uniform Relocation Assistance and Land Acquisition Policies Act of 1970, 42 U.S.C. § 4652. The court there held that signs are structures for purposes of condemnation proceedings and are to be considered part of the real property for purposes of condemnation. See *Whitman v. State Highway Commission of Missouri*, 400 F.Supp. 1050 (W.D.Mo.1975) and *United States v. 40.00 Acres of Land*, 427 F.Supp. 434 (W.D.Mo.1976).

The foregoing authorities are persuasive to the conclusion that the term "structure" is one of broad meaning and includes articles such as the billboards in this case. As structures the signs constitute real property and are not subject to assessment for personal property taxes.

If there be any doubt that billboards constitute real property under § 137.010, RSMo 1978 because they are structures, it appears with even greater certainty that billboards are at least fixtures "of whatever kind" and are therefore real property for ad valorem taxes.

The court defined a fixture in *Marsh v. Spradling*, 537 S.W.2d 402, 404 (Mo.1976) in the following language:

"A fixture is an article of personal property which has been so annexed to the real estate that it is regarded as a part of the land; its status may depend upon the facts and circumstances, but the principal elements for consideration are: (1) the annexation; (2) the 'adaption' of the article to the location; and (3) the intent

of the annexor at the time of the annexation."

The court in *Leawood National Bank v. City National Bank & Trust Co.*, 474 S.W.2d 641 (Mo.App.1971) explains further: "The general tests for determining whether a particular object has become a fixture are commonly said to be annexation to the realty, adaptation to the use to which the realty is devoted, and intention that the object become a permanent accession to the land. Of these, the intention is of paramount importance, and sometimes controlling ... Thus, a landowner may enter into a special agreement with another that, as between themselves, an object which would normally be a fixture shall remain personalty ..., or—as in this case—that an object already affixed to the land shall be deemed permanently severed and reacquire the character of personal property ... But no such agreement, or the intention which it discloses, can be given effect as against third parties without notice whose rights have intervened." *Id.* at page 644.

At least one case, *Metromedia, Inc. (Foster & Kleiser Division) v. Tax Commission of New York*, 60 N.Y.2d 85, 455 N.E.2d 1252, 468 N.Y.S.2d 457 (1983), has held that outdoor advertising display signs are fixtures and subject to taxation as real property. The displays in question each consisted of a plywood sign attached to a 14 foot by 48 foot steel frame which was constructed of vertical and horizontal steel members connected with nuts and bolts. This frame is pre-assembled then brought to the street site where it is attached with nuts and bolts to small metal plates welded to the "El" superstructure. Although these frames can be removed within one day, nearly all those involved remained attached since their installation.

Under the terms of the agreement between the lessor and lessee, lessor had the option to acquire title to the frames at the end of the term, which in fact, the lessor did. Under the agreement, if the option was not exercised, the lessee was obligated to remove the signs. The issue to which this court limited its inquiry, was whether petitioner's frames were affixed to the El superstructure to constitute taxable real property under the statute. In examining whether these frames would qualify under the common law of fixtures, this court also used the criteria of 1) annexation 2) application and 3) intent to hold that these sign frames do exhibit all three characteristics.

The court analyzed:
"With regard to annexation, each sign is attached to metal plates which themselves are 'appurtenant' to real property in that they have been welded to the superstructure. As to use, the sign frames were devoted to one of the more common uses of the railroad station superstructure, advertising display. Finally, it appears that the parties intended the sign frames to be 'permanent' over the life of the franchise agreement, as evidenced by the fact that few, if any, were removed."
455 N.E.2d at 1254, 468 N.Y.S.2d at 459.

The commission held that the petitioner-franchise holder had a taxable interest in the property as real property because of the dominion and control it exercised. Likewise, the billboards in question here may be classified as fixtures and real property.

Respondent, in the brief by amicus curiae Jackson County, bases much of its argument on the contention that the signs in question are trade fixtures and thus are necessarily personal property for ad valorem tax purposes. Respondent relies on the assumption that Osage retains ownership of the signs throughout the lease term and because of this ownership retention, the signs constitute trade fixtures. The record does not confirm the validity of this assumption with any certainty. The lease agreement is silent on the subject. The testimony in the case suggests that the question has not been seriously addressed in the transactions between Osage and lessors because the salvage value for a removed sign is negligible.

■ Even assuming, however, that Osage does retain ownership of the signs and that the signs are trade fixtures, the argument is of no benefit to respondent's position. In the first place, any agreement between landlord and tenant as to what remains the personal property of the tenant cannot bind the state in application of its revenue laws. Secondly, the language of the statute, "fixtures of whatever kind," necessarily includes trade fixtures.

The fact that the trade fixture classification usually preserves the personal property character of an article in a dispute between a landlord and tenant has no bearing on the present issue. Because such an article may remain removable by a tenant at the end of a term does not prevent a real property classification for tax purposes. This proposition was approved by Missouri courts in *City of St. Louis v. St. Louis I.M. & S. Ry. Co.*, 266 Mo. 694, 182 S.W. 750 (Mo.1916).

In allowing recovery for trade fixtures which a tenant elected not to remove, the court adopted language which distinguished a landlord-tenant classification from a tenant-city dispute. The court quoted approvingly at page 754:

> "The city took the entire buildings as they stood, including the trade fixtures therein, and for the purposes of this proceeding they must all be regarded as real property; that is, as between the tenant and the city, the trade fixtures were real property and must be paid for by the city the same as a building, and the tenant was under no more obligation to remove them than he would be to remove a building if he were the owner. As between the tenant and the owner, however, the trade fixtures were personalty, and could be removed, and therefore any award made for them would go to the tenant."

Other Missouri courts have since recognized that the focus may shift when a landlord and tenant are not the parties to a dispute over fixtures. As the court in *Stockton v. Tester*, 273 S.W.2d 783 (Mo. App.1954) held:

> "As between landlord and tenant and where the rights of third parties do not intervene, the intent is of paramount importance. But as between the owner of the building and creditors of the lessee it is of only coincidental importance and the question must be determined with more emphasis on the character of annexation and the uses to which the property is put."

*Id.* at page 787.

From all of the foregoing authorities, we conclude that outdoor advertising signs erected and maintained as were those in this case are within the definition of "structures, improvements and fixtures of whatever kind" and that the signs constitute real property for assessment and ad valorem property taxation. Such has been the consistent interpretation given the statute by the Supreme Court in similar cases where classification of taxable property as real estate or personalty has been in issue. It therefore follows that the subject suit to collect delinquent personal property taxes on the signs is not based on valid tax bills and may not be maintained.

The judgment is reversed.

All concur.