■ In the Matter of DONALD MAINES et al., Appellants, v BOARD OF ASSESSORS OF THE TOWN OF LAFAYETTE, Respondent. —Order unanimously affirmed, without costs. Memorandum: Special Term properly determined that the greenhouses on petitioners' land were taxable as real property. The common law relating to fixtures provides guidance in determining

whether particular items fall within the statutory definition of "[b]uildings and other articles and structures * * * erected upon, under or above the land, or affixed thereto" (Real Property Tax Law § 102 [12] [b]; *Matter of Metromedia, Inc. v Tax Commn.*, 60 NY2d 85, 90; *Matter of Consolidated Edison Co. v City of New York,* 44 NY2d 536, 541). The petitioners' greenhouses meet the common-law definition of fixtures.

First, although the posts of the greenhouses are not embedded in the ground, the structures are of sufficient size and weight to be deemed annexed or appurtenant to the land. "A thing may be as firmly affixed to the land by gravitation as by clamps or cement" *(Snedeker v Warring,* 12 NY 170, 174-175). It takes six or eight hours to dismantle the greenhouses; hence, they are not readily removable *(see, Matter of Consolidated Edison Co. v City of New York, supra,* p 542). Second, the greenhouses are applied to the use or purpose to which the realty is appropriated, as both the realty and the greenhouses are used as a commercial nursery. Third, the evidence indicates that the greenhouses were intended by petitioners as a permanent accession to the freehold. They have been upon the property for many years as part of petitioners' nursery business and, although some of them have been relocated upon the property from time to time, they have never been removed from the land. (Appeal from order of Supreme Court, Onondaga County, Donovan, J.—tax certiorari.) Present—Callahan, J. P., Denman, Boomer, Pine and Balio, JJ.