■ SOUTH SEAS YACHT CLUB, Appellant, v BOARD OF ASSESSORS AND THE BOARD OF ASSESSMENT REVIEW OF THE COUNTY OF NASSAU, Respondent.—In a proceeding pursuant to Real Property Tax Law article 7 to review the property tax assessment on the petitioner's marina property, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated May 13, 1986, as (1) upon searching the record, granted partial summary judgment to the respondent insofar as it found that 2 houseboats and 21 barges were real property within the scope of Real Property Tax Law § 102 (12) (b) and therefore taxable, and (2) denied that branch of the petitioner's motion which was for partial summary judgment on its claim that any assessment increase must not exceed the 6% limitation set forth in Real Property Tax Law § 1805 (1), and, upon searching the record, granted summary judgment to the respondent holding that the 6% limitation was not applicable.

Ordered that the order is modified, on the law, by deleting the provisions thereof which, upon searching the record, granted partial summary judgment to the respondent insofar as it found that 2 houseboats and 21 barges were real property within the scope of Real Property Tax Law § 102 (12) (b) and held that the 6% limitation was not applicable; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner.

The petitioner is the owner of certain property designated as section 65, block C, lots 15 and 949 on the Nassau County Tax Map. The property is a marina which contains 500 slips which accommodate all types of watercraft such as boats, cruisers, houseboats and house barges.

Prior to the 1984-1985 taxable year, the assessed value of lot 949 was $62,700. As of May 1, 1984, the tax status date for the 1984-1985 tax year, the assessment for lot 949 was increased to $129,700. The petitioner was informed by the Nassau County Department of Assessment that the basis for the increase was that 2 houseboats, 21 barges and 12 cruisers which were docked at the marina served as the principal residences of their occupants and that henceforth the marina would be assessed based on the value of each unit.

The petitioner thereafter commenced the instant proceeding pursuant to Real Property Tax Law article 7 challenging the assessment on several grounds, including illegality. The petitioner then moved for partial summary judgment claiming that the watercraft in question were personalty and therefore

not subject to assessment pursuant to Real Property Tax Law § 300 and that, in any event, any increase in assessment of residential real property is subject to the 6% annual limitation set forth in Real Property Tax Law § 1805 (1).

The order appealed from (1) granted partial summary judgment to the petitioner insofar as it found that the 12 cruisers *were not* real property within the scope of Real Property Tax Law § 102 (12) (b) and therefore not taxable, (2) granted partial summary judgment to the respondent insofar as it found that the 2 houseboats and 21 barges *were* real property within the scope of Real Property Tax Law § 102 (12) (b) and therefore taxable, and (3) denied that branch of petitioner's motion which sought to limit any assessment increase to the 6% limitation set forth in Real Property Tax Law § 1805 (1), and, upon searching the record, held that that limitation was not applicable. The petitioner now appeals from so much of the order as granted partial summary judgment to the respondent, denied that branch of the petitioner's motion which was to limit any increase in the assessment to 6%, and, upon searching the record, found that the 6% limitation was not applicable.

The pertinent statute defines taxable real property as "[b]uildings and other articles and structures, substructures and superstructures erected upon, under or above the land, or affixed thereto" (Real Property Tax Law § 102 [12] [b]). In determining whether property falls under this statute, the courts of this State, in the past, have resorted to the common law relating to fixtures for guidance *(see, Matter of Metromedia, Inc. v Tax Commn.,* 60 NY2d 85; *Matter of Consolidated Edison Co. v City of New York,* 44 NY2d 536). To meet the common-law definition of a fixture, the personalty in question must: (1) be actually annexed to real property or something appurtenant thereto, (2) be applied to the use or purpose to which that part of the realty with which it is connected is appropriated, and (3) be intended by the parties as a permanent accession to the freehold *(Matter of Metromedia, Inc. v Tax Commn., supra).* Although all three factors should be considered, the definite tendency is to accord less significance to the manner of annexation and more to the intention of the person making it. "The permanency of the attachment does not depend so much upon the degree of physical force with which the thing is attached as upon the motive and intention of the party in attaching it" *(McRea v Central Natl. Bank,* 66 NY 489, 495; *see also, Marine Midland Trust Co. v Ahern,* 16 NYS2d 656, 659). The intent of the affixing party which the

law deduces from the circumstances, rather than the subjective intent of the parties, is controlling *(see, Matter of Capri Marina & Pool Club v Board of Assessors,* 84 Misc 2d 1096).

We agree with the petitioner's contention that the court relied on insufficient and disputed factual data in coming to the conclusion that the houseboats and barges had all of the characteristics of permanent housing arrangements. It is therefore apparent that partial summary judgment should not have been granted with respect to whether they constitute real property. In light of our determination, we do not reach any other issue. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.