OPINION OF THE COURT
Elizabeth H. Emerson, J.
*532 Motion by defendants Grumman Aerospace Corporation and Northrop Grumman Corporation (hereinafter collectively referred to as Grumman) for an order, pursuant to CPLR 3212, granting summary judgment in their favor and the cross motion by plaintiff County of Suffolk for an order granting summary judgment in its favor are determined as follows.
During the 1950’s, the United States Government acquired title to certain property located in Calverton, New York (the Property), and leased such Property to defendant Grumman. The lease provided Grumman with a right of first refusal to buy the Property subject to certain conditions specified therein. The lease was renewed several times and remained in effect until 1996. Each such renewal included the right of first refusal. After execution of the first lease in 1954, the assessors of the Town of Riverhead assessed a tax upon Grumman’s interest in the Property pursuant to Tax Law former § 4 (17). In 1957, the Court of Appeals held that Grumman’s interest in the Property was insufficient to subject it to taxation under Tax Law former § 4 (17) (see, Matter of Grumman Aircraft Eng’g Corp. v Board of Assessors, 2 NY2d 500). Thereafter, the Legislature amended the Tax Law to provide that “[wjhenever the legal title of real property is in the United States * * * but the use, occupation or possession thereof is in a person, partnership, association or corporation under a contract of sale or other agreement whereby a right to acquire the premises through an option, a first privilege or a first refusal is granted * * * his or its interest in such real property shall be assessed and taxed as real property” (Real Property Tax Law § 402 [1]). Following the amendment to the statute, taxes were assessed and paid by Grumman through tax year 1994-1995. On May 24, 1995, Grumman sent a letter to the United States Navy indicating that it was waiving its right of first refusal under the lease. Grumman also notified the Town of Riverhead that it would make no real estate tax payments for the 1995-1996 tax year. In February 1996, the lease was amended to eliminate Grumman’s right to buy the Property. In 1997, the plaintiffs commenced this action for a judgment declaring that Grumman is liable for unpaid taxes for the 1995-1996 tax year.
Grumman contends that its leasehold interest is not subject to taxation. In support of this contention, Grumman relies upon the Court of Appeals decision in Matter of Grumman Aircraft Eng’g Corp. v Board of Assessors (supra). In that case, the Court of Appeals concluded that Grumman’s interest in the Property, consisting of a leasehold with a right of first refusal, *533 was not “subject to assessment and taxation within the meaning of subdivision 17 of section 4 [of the Tax Law]” (2 NY2d, at 508-509). The Court’s determination was based upon its interpretation of the Tax Law in effect at that time. The Tax Law was subsequently amended to expressly provide that where a right to acquire premises owned by the United States through a first refusal is granted by agreement, the interest shall be subject to taxation (see, Real Property Tax Law § 402 [1]). The Legislature has the power to classify property as real property or not for purposes of taxation provided there is a reasonable basis for the classification (see, Matter of Metromedia, Inc. v Tax Commn., 60 NY2d 85, 90; Matter of Consolidated Edison Co. v City of New York, 44 NY2d 536, 540). The Governor’s Memorandum in support of the bill notes that the statute was amended in response to the Court of Appeals decision in Grumman and was intended to allow local authorities to levy real estate taxes on persons in possession of premises owned by the Federal Government who have the right, sometime in the future, to acquire ownership of the property (see, Governor’s Mem approving L 1957, ch 933, 1957 McKinney’s Session Laws of NY, at 1888). Since the lease in this case specifically provides Grumman with a right of first refusal, Grumman’s interest is subject to taxation under RPTL 402.
Grumman further contends that, even if RPTL 402 applies, Grumman waived its right of first refusal in its May 24, 1995 letter to the Government. Therefore, Grumman claims, its leasehold interest was no longer subject to real estate taxes for the 1995-1996 tax year. However, the tax status date in Suffolk County for the 1995-1996 taxable year was March 1, 1995 (see, Suffolk County Tax Act § 5). The well-established rule is that ownership of real property on the taxable status date determines whether the property is subject to real property taxation for the entire ensuing year (see, Long Is. Power Auth. v Shoreham-Wading Riv. School Dist., 88 NY2d 503, 512; People ex rel. Luther v McDermott, 265 NY 47, 51). There is an exception if the property is acquired by the State or Federal Government after the taxable status date but before the tax lien date (see, Long Is. Power Auth. v Shoreham-Wading Riv. School Dist., supra; Rochester Hous. Auth. v Sibley Corp., 77 Misc 2d 205 [Sup Ct, Monroe County], affd 47 AD2d 718 [4th Dept 1975]). Grumman asserts that the exception should apply because its interest was transferred to the Government on May 24, 1995, prior to the tax lien date. Even assuming, however, that Grumman’s letter was a, sufficient waiver of its *534 interest, the record demonstrates that Grumman did not transfer any interest in the Property to the Federal Government. Instead, the letter merely waived or terminated Grumman’s right to buy. The Property was owned by the Federal Government throughout the period in question and Grumman’s interest, consisting of a right of first refusal, could not be transferred to the Federal Government since the Federal Government was the title owner of the Property. Further, even if Grumman’s waiver could be characterized as a transfer of its interest, the court notes that Grumman and the Government did not formally amend the lease until February 1996. Under these circumstances, since Grumman’s interest in the Property existed on March 1, 1995, the taxable status date, Grumman was subject to taxation for the 1995-1996 tax year. '
Finally, Grumman claims that the assessor failed to follow the procedures mandated by the RPTL in assessing the Property. However, the assessment roll indicates that the assessor identified Grumman’s interest in the lots in question as an “interest under option” and separately stated that the property was owned by the United States. Thus, the assessor complied with the requirements of RPTL 402. To the extent that Grumman claims that the assessor failed to properly value its interest, the record indicates that Grumman challenged the tax assessment for the 1995-1996 tax year before the Board of Assessment Review for the Town of Riverhead. Grumman’s claim was apparently denied and Grumman did not thereafter bring a certiorari proceeding under RPTL article 7 to challenge that determination (see, e.g., Matter of Kraebel v New York City Dept. of Fin., 217 AD2d 416 [1st Dept 1995]; Matter of Board of Mgrs. v Board of Assessors, 202 AD2d 417 [2d Dept 1994]).
Accordingly, Grumman’s motion for summary judgment is denied, the plaintiffs cross motion is granted and it is declared that Grumman is liable for unpaid taxes on the parcels in question for the 1995-1996 tax year.