MICHAEL F. MASTRANGELO, Respondent, v A. TERRILL MANNING et al., Appellants. [793 NYS2d 94]—

In an action, inter alia, for replevin, the defendants appeal from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated July 15, 2003, as granted the plaintiff's motion for summary judgment to the extent of determining that certain items were the plaintiff's personal property which never became fixtures and denied their cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment to the extent of determining that certain items were the plaintiff's personal property which never became fixtures and substituting therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff is the former owner of real property known as Tahigwa located on Route 301 in Putnam County (hereinafter the property). He took possession of the property in 1978 and installed certain items used in order to conduct his business, which included musical rehearsals and tapings, weddings and receptions, and a bed and breakfast. His interest in the property was terminated by a judgment of foreclosure and sale dated January 18, 1994. The plaintiff was evicted from the property in January 1996 leaving behind the items which are the subject of this action. The defendants purchased the property in September 1996. The plaintiff claims that the items left behind were his personal property and he is entitled to their return. The defendants claim that the items left behind are fixtures to which they are entitled by law and by contract. The Supreme Court determined, inter alia, that the items constituted personal property.

The Supreme Court erred in granting the plaintiff's motion

for summary judgment to the extent of determining that certain items were the plaintiff's personal property which never became fixtures. Under the common law, a fixture is personalty which is: (1) actually annexed to real property or something appurtenant thereto, (2) applied to the use or purpose to which that part of the realty with which it is connected is appropriated, and (3) intended by the parties as a permanent accession to the freehold (*see Matter of Metromedia, Inc. [Foster & Kleiser Div.] v Tax Commn. of City of N.Y.*, 60 NY2d 85, 90 [1983]; *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven*, 202 AD2d 32, 41 [1994]; *South Seas Yacht Club v Board of Assessors & Bd. of Assessment Review of County of Nassau*, 136 AD2d 537, 538-539 [1988]). Less significance is accorded to the manner of annexation and more to the intention of the person annexing the property (*see South Seas Yacht Club v Board of Assessors & Bd. of Assessment Review of County of Nassau, supra*). "The permanency of the attachment does not depend so much upon the degree of physical force with which the thing is attached as upon the motive and intention of the party in attaching it" (*McRea v Central Natl. Bank of Troy*, 66 NY 489, 495 [1876]; *see South Seas Yacht Club v Board of Assessors & Bd. of Assessment Review of County of Nassau, supra*). "The intent which is regarded as controlling is not the initial intention at the time the [item] is acquired, nor the secret or subjective intention of the party making the attachment, but rather the intention which the law will deduce from all the circumstances" (*Marine Midland Trust Co. of Binghamton v Ahern*, 16 NYS2d 656, 659 [1939]; *see South Seas Yacht Club v Board of Assessors & Bd. of Assessment Review of County of Nassau, supra*).

The plaintiff failed to satisfy his burden in the first instance of establishing, as a matter of law, that the items in dispute constitute personal property as opposed to fixtures (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *South Seas Yacht Club v Board of Assessors & Bd. of Assessment Review of County of Nassau, supra*). In view of the foregoing, it is unnecessary to consider the sufficiency of the defendants' opposition papers (*see Vincini v Insel*, 1 AD3d 351 [2003]).

The Supreme Court correctly denied the cross motion as the defendants similarly failed to satisfy their burden of establishing as a matter of law that the items in question constitute fixtures (*see Winegrad v New York Univ. Med. Ctr., supra; cf. McRea v Central Natl. Bank of Troy, supra* at 499-500).

The defendants' remaining contention is beyond the scope of their limited notice of appeal. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.