Matter of Cornell Univ. v Board of Assessment Review (2020 NY Slip Op 04636)





Matter of Cornell Univ. v Board of Assessment Review


2020 NY Slip Op 04636


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


114 CA 19-00339

[*1]IN THE MATTER OF CORNELL UNIVERSITY, PETITIONER-RESPONDENT,
v
BOARD OF ASSESSMENT REVIEW AND SHANA JO HILTON, AS ASSESSOR OF TOWN OF SENECA, RESPONDENTS-APPELLANTS. 






CHALIFOUX LAW, P.C., PITTSFORD (SHEILA M. CHALIFOUX OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
JARED M. PITTMAN, ITHACA, FOR PETITIONER-RESPONDENT.
HODGSON RUSS LLP, BUFFALO (HENRY A. ZOMERFELD OF COUNSEL), FOR DYNAMIC ENERGY SOLUTIONS, LLC, AMICUS CURIAE. 


 Appeal from a judgment and order (one paper) of the Supreme Court, Ontario County (John J. Ark, J.), entered January 28, 2019 in proceedings pursuant to RPTL article 7. The judgment and order granted the petitions by, inter alia, directing the removal of a tax parcel from the tax rolls of the Town of Seneca. 
It is hereby ORDERED that the judgment and order so appealed from is unanimously reversed on the law without costs and the petitions are dismissed.
Memorandum: Petitioner, an educational institution, commenced these proceedings pursuant to, inter alia, RPTL article 7, challenging tax assessments on a solar photovoltaic electrical system (system) that is located on its land in the Town of Seneca. Petitioner and nonparty for-profit corporation Argos Solar, LLC (Argos) had entered into an agreement pursuant to which petitioner granted Argos an exclusive license to use certain agricultural research land owned by petitioner "for the sole purpose of constructing, installing, owning, operating and maintaining the [s]ystem." The agreement obligated petitioner to purchase from Argos the energy output generated by the system. The initial term of the agreement was 20 years, and the agreement further provided Argos with the option to extend the term for as many as two additional 5-year periods, and then allowed petitioner to continue making payments for energy output beyond the 30-year anniversary of the agreement, thereby extending it on a month-to-month basis. In addition, Argos was obligated to remove the system following termination of the agreement unless petitioner exercised its option to purchase the system, and the agreement also provided for removal of the system as an available remedy in the event of termination resulting from the default of either party.
Petitioner subsequently applied to renew its real property tax exemption pursuant to RPTL 420-a, and although the land itself indisputably remained tax exempt thereunder, respondent Shana Jo Hilton, as Assessor of Town of Seneca, created a separate tax parcel to assess taxes on the newly constructed system located on the land. As relevant here, taxes were assessed on the system each year over a three-year period, and respondent Board of Assessment Review denied petitioner's complaints challenging each of those assessments.
After petitioner commenced these proceedings, Supreme Court determined that the tax assessments were not lawful inasmuch as the system did not constitute real property and, even if it did, it would be exempt on the basis of petitioner's beneficial ownership thereof. Respondents [*2]appeal from a judgment and order granting petitioner's petitions by, inter alia, removing the tax parcel from the rolls and cancelling the taxes assessed thereunder for each of the subject years. We agree with respondents that the court erred in granting the petitions.
We note at the outset that the petitions must be dismissed insofar as they seek relief pursuant to CPLR article 78, because the proper vehicle for seeking the instant relief is a certiorari proceeding pursuant to RPTL article 7 (see Matter of Crouse Health Sys., Inc. v City of Syracuse, 126 AD3d 1336, 1336 [4th Dept 2015]; Matter of ViaHealth of Wayne v VanPatten, 90 AD3d 1700, 1701 [4th Dept 2011]).
Respondents contend that the system constitutes taxable real property under RPTL 102 (12) (b). We agree. Pursuant to that statute, taxable real property is defined as "[b]uildings and other articles and structures, substructures and superstructures erected upon, under or above the land, or affixed thereto" (id.). "The common law relating to fixtures provides guidance in determining whether particular items fall within [that] statutory definition" (Matter of Maines v Board of Assessors of Town of Lafayette, 125 AD2d 951, 951-952 [4th Dept 1986]; see Matter of Metromedia, Inc. [Foster & Kleiser Div.] v Tax Commn. of City of N.Y., 60 NY2d 85, 90 [1983]; Matter of Consolidated Edison Co. of N.Y. v City of New York, 44 NY2d 536, 541-542 [1978]). "To meet the common-law definition of fixture, the personalty in question must: (1) be actually annexed to real property or something appurtenant thereto; (2) be applied to the use or purpose to which that part of the realty with which it is connected is appropriated; and, (3) be intended by the parties as a permanent accession to the freehold" (Metromedia, Inc., 60 NY2d at 90).
First, with respect to annexation, petitioner's own submissions show that the system consists of nearly 1,600 piles driven directly into the ground and nearly 400 piles set on footings of concrete poured into tube forms in the ground, bolted on top of which is a racking system housing the solar panels that are attached thereto by nuts and bolts, as well as an inverter and associated equipment installed on a poured concrete slab. We conclude that those characteristics establish that the system is annexed to real property or something appurtenant thereto (see id. at 88-90).
Second, we conclude that the system applies to the purpose of the land to which it is connected inasmuch as petitioner devoted the land to generating solar energy as part of its sustainability efforts and in furtherance of its educational mission (see id. at 90; Maines, 125 AD2d at 952).
Third, contrary to petitioner's assertion and the court's determination, the purported ease of physical removal is not determinative in evaluating permanency (see Metromedia, Inc., 60 NY2d at 89-91; Maines, 125 AD2d at 952). It has long been settled law that "[t]he permanency of the attachment does not depend so much upon the degree of physical force with which the thing is attached as upon the motive and intention of the party in attaching it" (McRea v Central Natl. Bank of Troy, 66 NY 489, 495 [1876]; see Matter of City of New York [Kaiser Woodcraft Corp.], 11 NY3d 353, 360 [2008], rearg denied 11 NY3d 903 [2009]; Consolidated Edison Co. of N.Y., 44 NY2d at 542-543). Here, in view of the purpose and duration of the agreement, the options to extend afforded to both Argos and petitioner, and the terms permitting removal of the system upon termination, we conclude that the record establishes that petitioner and Argos "intended the [system] to be permanent' over the life of the . . . agreement" (Metromedia, Inc., 60 NY2d at 91; see Matter of T-Mobile Northeast, LLC v DeBellis, 143 AD3d 992, 995-996 [2d Dept 2016], affd on other grounds 32 NY3d 594 [2018], rearg denied 32 NY3d 1197 [2019]; Consolidated Edison Co. of N.Y., 44 NY2d at 542-543).
Based on the foregoing, we conclude that the system constitutes taxable real property under RPTL 102 (12) (b), and we therefore need not address respondents' remaining contentions on that issue (see T-Mobile Northeast, LLC, 32 NY3d at 610).
Respondents further contend that the court erred in holding that the system, even if it constituted taxable real property, would be tax exempt on the ground that petitioner is the beneficial owner of the system. We agree. RPTL 420-a (1) (a) provides, in relevant part, that "[r]eal property owned by a corporation or association organized or conducted exclusively for . . . educational . . . purposes, and used exclusively for carrying out thereupon . . . such purposes . . . shall be exempt from taxation." "Land and [structures] are separately defined as taxable [*3]forms of real property (see RPTL 102 [12] [a], [b]), and [parties to an agreement] may agree to their separate ownership" (Matter of United Health Servs. Hosps., Inc. v Assessor of the Town of Vestal, 122 AD3d 1177, 1178 [3d Dept 2014], lv denied 25 NY3d 909 [2015]; see Metromedia, Inc., 60 NY2d at 91; Matter of National Cold Stor. Co. v Boyland, 16 AD2d 267, 268-269 [1st Dept 1962], affd 12 NY2d 808 [1962]). "Although the parties' labeling of one as owner is not enough to create a taxable interest, a finding of such an interest is justified where that party exercises dominion and control over the property" (Metromedia, Inc., 60 NY2d at 91; see Matter of Colleges of the Seneca v City of Geneva, 94 NY2d 713, 716-717 [2000]; United Health Servs. Hosps., Inc., 122 AD3d at 1178-1179).
Here, it is undisputed that petitioner is a qualifying corporation, but Argos is not, and that the system is used for a qualifying purpose; therefore, whether the system is tax exempt depends on its ownership. The agreement separates ownership of the system from the land and designates Argos as the owner of the system. While that fact must be considered, "the question of ownership turns on whether the . . . agreement confers incidents of ownership upon [Argos] or whether [petitioner] retains such dominion and control over the property that it must be deemed the beneficial owner for tax purposes" (United Health Servs. Hosps., Inc., 122 AD3d at 1179). We conclude for the reasons that follow that the agreement confers incidents of ownership upon Argos to justify a finding—consistent with the designation in the agreement—that Argos, not petitioner, is the owner of the system.
Unless petitioner exercises its option to purchase the system from Argos, the agreement obligates Argos to remove the system and all assets thereto whether buried or above ground from the land following termination of the agreement at its sole cost and expense (see Metromedia, Inc., 60 NY2d at 91; United Health Servs. Hosps., Inc., 122 AD3d at 1179). In addition, Argos is responsible for all taxes associated with ownership of the system, Argos bears the risk of any damage to the system and is entitled to all insurance proceeds, and petitioner has the option to purchase the system from Argos upon termination of the agreement at a price to be determined in accordance with the provisions thereof (see Colleges of the Seneca, 94 NY2d at 718; Metromedia, Inc., 60 NY2d at 91; United Health Servs. Hosps., Inc., 122 AD3d at 1179; Matter of Spectapark Assoc. v City of Albany Dept. of Assessment & Taxation, 12 AD3d 800, 801-802 [3d Dept 2004], lv denied 4 NY3d 705 [2005]). Although the agreement provides petitioner with some minor incidents of ownership, we conclude that the agreement does not confer to petitioner "such dominion and control over the property that it must be deemed the beneficial owner for tax purposes" (United Health Servs. Hosps., Inc., 122 AD3d at 1179; see Colleges of the Seneca, 94 NY2d at 718; Metromedia, Inc., 60 NY2d at 91). Therefore, respondents correctly determined that the system is real property that is not tax exempt under RPTL 420-a.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court