Matter of Schulman v Assessor of the Town of Thompson (2021 NY Slip Op 05912)





Matter of Schulman v Assessor of the Town of Thompson


2021 NY Slip Op 05912


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

532518
[*1]In the Matter of Mark Lewis Schulman, Appellant,
v
Assessor of the Town of Thompson et al., Respondents.

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Mark Lewis Schulman, Monticello, appellant pro se.
Michael Mednick, Town Attorney, Monticello, for respondents.



Aarons, J.
Appeal from a judgment of the Supreme Court (Schreibman, J.), entered May 15, 2020 in Sullivan County, which, in a proceeding pursuant to RPTL article 7, denied petitioner's motion for summary judgment.
Petitioner owns real property in the Town of Thompson, Sullivan County. In 2016, petitioner entered into a lease agreement wherein the lessee was allowed to erect a digital billboard on the subject property. In particular, the digital billboard was annexed to a monopole that was set in concrete on the property. An assessment by respondent Board of Assessment Review for the Town of Thompson fully valued the property at $211,900. Petitioner commenced this proceeding under RPTL article 7 challenging the full value assessment and thereafter moved for summary judgment. Supreme Court denied the motion, prompting this appeal by petitioner. We affirm.
The parties agree that the amount in the full value assessment was attributable to the digital billboard. According to petitioner, however, the digital billboard did not come within the meaning of "real property" as defined by RPTL 102 (12) (b) and, therefore, was not taxable. "Real property" for taxation purposes includes "[b]uildings and other articles and structures, substructures and superstructures erected upon, under or above the land, or affixed thereto" (RPTL 102 [12] [b]). In determining whether something is "affixed" under RPTL 102 (12) (b), the Court of Appeals has resorted to the common-law definition of a fixture and stated that "the personalty in question must: (1) be actually annexed to real property or something appurtenant thereto; (2) be applied to the use or purpose to which that part of the realty with which it is connected is appropriated; and (3) be intended by the parties as a permanent accession to the freehold" (Matter of Metromedia, Inc. [Foster & Kleiser Div.] v Tax Commn. of City of N.Y., 60 NY2d 85, 90 [1983]).
As to these factors, petitioner focused his motion on the third one — specifically, that the digital billboard, which was attached to the monopole, was not permanent because it could be removed at any point. We disagree. "The intent of the affixing party which the law deduces from the circumstances . . . is controlling" (South Seas Yacht Club v Board of Assessors & Bd of Assessment Review of County of Nassau, 136 AD2d 537, 538-539 [1988] [citation omitted]; see McRea v Central Natl. Bank of Troy, 66 NY 489, 495 [1876]). Even though the digital billboard could be removed and replaced, the lease, which had a 10-year term with a renewable option for five additional 10-year terms, demonstrated that the digital billboard was intended to be permanent (see Matter of Cornell Univ. v Board of Assessment Review, 186 AD3d 990, 992-993 [2020], lv denied and dismissed 36 NY3d 1043 [2021]). In view of the foregoing and taking into account that the two remaining factors also weigh against petitioner, Supreme Court did not err in concluding that the digital billboard was[*2]"real property" within the meaning of RPTL 102 (12) (b) (see Matter of Metromedia, Inc. [Foster & Kleiser Div.] v Tax Commn. of City of N.Y., 60 NY2d at 90-91; Matter of Consolidated Edison Co. of N.Y. v City of New York, 44 NY2d 536, 542-543 [1978]).
Petitioner also sought summary judgment on the basis that he did not own the digital billboard and, therefore, did not have a taxable interest over it. The lease provided that "[a]ll structures, equipment and materials placed" on the property by the lessee remained the lessee's property. It further provided, however, that petitioner "represent[ed] and warrant[ed] that he . . . [was] the owner" of the property and that he "shall be responsible for all taxes on the real property." Because petitioner's proof failed to eliminate all material issues of fact on this point, the motion was correctly denied.
Garry, P.J., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.