Barber v Crout-Woodard (2024 NY Slip Op 00479)

Barber v Crout-Woodard

2024 NY Slip Op 00479

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

CV-23-0354
[*1]David Barber, Appellant,
v
Marcia Crout-Woodard, Respondent.

Calendar Date:December 14, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, Fisher and Powers, JJ.

Susan M. Betzjitomir, Bath, for appellant.
The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for respondent.

Powers, J.
Appeal from an order of the Supreme Court (Christopher P. Baker, J.), entered September 19, 2022, in Schuyler County, upon a decision of the court in favor of defendant.
In April 2021, plaintiff commenced the instant conversion and replevin action, seeking to recover a mobile home which he situated on defendant's real property during their long-term personal relationship. Plaintiff also sought the rental income derived from the mobile home and received by defendant following the end of their relationship in 2018. Defendant counterclaimed seeking money damages, alleging breach of contract, based on plaintiff's alleged conversion of rental income he collected in excess of the purchase price of the mobile home prior to the parties' break-up. Following a nonjury trial, Supreme Court found that no contractual relationship existed between the parties and dismissed the action in its entirety on the ground that the mobile home constitutes a fixture on defendant's realty and, as such, plaintiff has no ownership interest upon which to base causes of action sounding in conversion and replevin. Plaintiff appeals.
Preliminarily, we note that plaintiff's contention that defendant has been unjustly enriched, raised for the first time on appeal, is not properly before us. "[A]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had they been presented at the trial" (Rentways, Inc. v O'Neill Milk & Cream Co., 308 NY 342, 349 [1955]). Indeed, "a finding of unjust enrichment is also fact-intensive and, as such, it . . . was required to be raised before Supreme Court in order to be preserved for appellate review" (Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222-1223 [3d Dept 2013]).
Also unpreserved is plaintiff's theory, asserted for the first time on appeal, that defendant allegedly violated Real Property Law § 233-a. Plaintiff did not plead nor pursue liability under this statute, and a determination of whether the statute was violated involves factual issues which defendant may have countered had the issue been raised before Supreme Court (see Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp., 277 AD2d 782, 783 [3d Dept 2000], lv denied 96 NY2d 708 [2001]). Thus, we decline to consider this issue as well.
Further, we note that the mobile home at issue was manufactured prior to, and therefore not subject to, statutory amendments, particularly to the Vehicle and Traffic Law, which classify mobile homes manufactured subsequent to the effective date of the amendments as personal property requiring a certificate of title and vehicle identification number (see L 1993, ch 322). Thus, Supreme Court correctly considered its ownership under common-law principles concerning fixtures upon real estate.
"Unlike personal property, fixtures are generally considered part of the real property and are included with the sale unless [*2]specifically excluded" (Posson v Przestrzelski, 111 AD3d 1235, 1238 [3d Dept 2013] [citations omitted]). The common-law definition of a fixture requires that "the personalty in question must: (1) be actually annexed to real property or something appurtenant thereto; (2) be applied to the use or purpose to which that part of the realty with which it is connected is appropriated; and, (3) be intended by the parties as a permanent accession to the freehold" (Matter of Metromedia, Inc. [Foster & Kleiser Div.] v Tax Commn. of City of N.Y., 60 NY2d 85, 90 [1983]).
Plaintiff contends that Supreme Court erred in determining that the mobile home satisfies these requisite elements as, according to plaintiff, the evidence at trial established that the mobile home was not permanently attached, nor intended to be permanently attached, to defendant's land. "In reviewing a nonjury verdict on appeal, this Court has broad authority to independently evaluate the evidence and render a judgment warranted by the facts, with due deference to the trial court's credibility assessments" (Matter of Oceanview Home for Adults, Inc. v Zucker, 215 AD3d 140, 152 [3d Dept 2023] [citation omitted]).
Here, reviewing the evidence independently, the record supports Supreme Court's determination. By his own testimony, plaintiff poured a concrete pad, removed the wheels, secured the mobile home to the concrete pad with steel cables, brackets and fastening skirting wrapped around the bottom of the mobile home, bolted it to the ground and then connected it to the electrical, municipal water and sewer systems. Defendant's testimony reflects that, when the relationship ended, she acquiesced to plaintiff's wish to uninstall and remove the mobile home, even sending him a 90-day demand letter, which defendant deemed unreasonable in light of the regulations and labor involved in its relocation. By the time plaintiff was prepared to move the mobile home — approximately a year later — defendant refused.
Although plaintiff proved that it would be possible to move the mobile home and that defendant previously demanded that it be removed, such proof is insufficient to satisfy his burden with regard to its permanency on defendant's land. The critical factor is not whether it could be uninstalled and relocated, nor the degree of physical force required to do so but, rather, the motive and intention as measured at the time it was annexed. "It has long been settled law that 'the permanency of the attachment does not depend so much upon the degree of physical force with which the thing is attached as upon the motive and intention of the party in attaching it' " (Matter of Cornell Univ. v Board of Assessment Review, 186 AD3d 990, 992 [4th Dept 2020] [brackets omitted], quoting McRea v Central Natl. Bank of Troy, 66 NY 489, 495 [1876]; see Matter of City of New York [Kaiser Woodcraft Corp.], 11 NY3d 353, 360 [2008]). "Less significance is accorded to the manner of annexation and more to the intention [*3]of the person annexing the property" (Mastrangelo v Manning, 17 AD3d 326, 327 [2d Dept 2005] [citation omitted]; see Matter of T-Mobile Northeast, LLC v DeBellis, 143 AD3d 992, 996 [2d Dept 2016], affd 32 NY3d 594 [2018]; see also South Seas Yacht Club v Board of Assessors & Bd. of Assessment Review of County of Nassau, 136 AD2d 537, 538 [2d Dept 1988]).
Here, plaintiff's intent at the time he affixed the mobile home must be deduced from the circumstances (see Matter of Schulman v Assessor of the Town of Thompson, 198 AD3d 1245, 1246 [3d Dept 2021]). At the time plaintiff purchased the mobile home, the parties had been together for six years and defendant had recently inherited the real property. For most of the next five years, the mobile home was occupied by tenants and, at least until the $13,000 purchase price was recouped in rental income, such monies inured to plaintiff with defendant's consent. Defendant was issued the building permit and the certificate of occupancy. While the evidence bears out that, some six years later when their relationship ended, there was a temporary meeting of the minds that the mobile home would be removed, the evidence also strongly supports that there was a mutual contrary intention at the time it was installed. Thus, Supreme Court correctly determined that the mobile home is a fixture that goes with the land, to which defendant has the superior claim. Stated otherwise, in the absence of a right of ownership, plaintiff cannot establish that defendant exercised dominion in derogation of his rights (see Ciprick v Atwood, 163 AD3d 1332, 1334 [3d Dept 2018]). Accordingly, Supreme Court properly dismissed the action.
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.