**Otis T. HAWKINS, Appellant,**

v.

**VAN ZANDT COUNTY APPRAISAL DISTRICT et al., Appellees.**

No. 11–91–236–CV.

Court of Appeals of Texas, Eastland.

July 30, 1992.

Rehearing Denied Aug. 27, 1992.

Coyt Randal Johnston, Robert L. Tobey, Johnston & Budner, Dallas, for appellant.

Kirk Swinney, McCreary, Veselka, Bragg & Allen, Austin, for appellees.

OPINION

DICKENSON, Justice.

Otis T. Hawkins is a property owner who appealed an order of the Van Zandt County Appraisal Review Board by suing it and the Van Zandt County Appraisal District pursuant to TEX.PROP.TAX CODE ANN. § 42.01 (Vernon Supp.1992) concerning the taxes due for calendar years 1989 and 1990. Hawkins argues that the "winter protection structures"[1] on his property are ex-

---

1. The winter protection structures are also called "poly structures" because they are formed

by placing thin sheets of polyethylene plastic

empt from taxation as "implements of husbandry" under TEX.PROP.TAX CODE ANN. § 11.161 (Vernon Supp.1992) and TEX. CONST. art. VIII, § 19a. Following a nonjury trial, judgment was entered declaring that the winter protection structures were not exempt from taxation.[2] We affirm.[3]

## Findings of Fact

The trial court made 38 findings of fact, including the following findings which may be summarized as shown:

1. Plaintiff owns about 375 acres of land in Van Zandt County upon which he operates a commercial wholesale nursery business.

3. Plaintiff has constructed certain facilities [111 units which are either 6.5' or 10' high, 12' or 36' wide, and up to 148' long] on this property which are sometimes called "winter protection structures" [because they are used to protect growing plants which are raised above ground in containers].

10. Most of the structures are constructed with one and ⅜ths inch diameter galvanized, steel pipe which is bent into semicircular arches.

11. The end of each arch is inserted into a metal pipe sleeve.

12. The metal sleeves are driven into the ground about two feet deep.

14. The arches are bolted into the metal pipe sleeves.

23. The floors of the winter protection structures are covered with gravel.

25. The structures are mostly used for storing plants growing in containers.

26. During the months when there is danger of frost damage to the plants [December to early March], the struc-

tures are covered with a translucent, polyethylene, plastic sheeting.

28. During the hot portion of the summer, some of the structures are covered with "plastic shade cloth."

33. The structures may not be removed from their location intact, but they must be "completely deconstructed" in order to relocate them.

35. The structures are attached to the soil.

37. The structures are constructed with extensive effort, requiring the labors of several workers for two to three days to construct one.

38. "The structures are durable in nature, lasting anywhere from seven to forty years depending on the maintenance and care given them."[4]

## Conclusions of Law

The trial court made five conclusions of law, and they are quoted in full as shown:

1. Neither structures nor fixtures qualify as implements under Tex. Const. Art. VIII, § 19(a), or Tex. Tax Code § 11.161.

2. The winter protection structures at issue herein are structures.

3. The winter protection structures at issue herein are fixtures.

4. The winter protection structures at issue herein do not qualify for exemption from taxation as implements either under the Texas Constitution or the Texas Property Tax Code.

5. There was no evidence introduced at the trial of this cause to indicate that the value given the winter protection structures at issue herein by Van Zandt County Appraisal District is erroneous.

over curved pipes which are bolted to sleeves which have been driven into the ground.

2. The trial court dismissed plaintiff's suit as to the taxes for calendar year 1989 because of Hawkins' failure to pay the taxes which were not in dispute prior to the delinquency date. See TEX.PROP.TAX CODE ANN. § 42.08 (Vernon Supp.1992).

3. This appeal was transferred from the Tyler Court of Appeals to this court pursuant to TEX. GOV'T CODE ANN. § 73.001 (Vernon 1988).

4. Finding No. 38 is the only finding which has been challenged by a point of error. Consequently, all of the other fact findings are conclusively established. See, e.g., *City of Fort Worth v. Bewley,* 612 S.W.2d 257 at 259 (Tex.Civ.App.— Eastland 1981, writ ref'd n.r.e.); *Whitten v. Alling & Cory Company,* 526 S.W.2d 245 at 248 (Tex.Civ.App.—Tyler 1975, writ ref'd).

## Points of Error

Appellant presents four points of error. The first point is dispositive of the appeal, and it reads as shown:

The trial court erred in holding that the plant covers are taxable as real property, because they are tax exempt implements of husbandry.

The other points of error need not be discussed because of our holding on the first point.[5] We overrule the first point because the "plant covers," which are also referred to as "winter protection structures," are not "implements of husbandry" which are exempted from taxation.[6]

## Implements of Husbandry

Article VIII, § 19a was added to the Texas Constitution in 1982, and this provision reads in full as shown:

Implements of husbandry that are used in the production of farm or ranch products are exempt from ad valorem taxation.

Section 11.161 of the Property Tax Code implements the constitutional provision by providing:

Implements of husbandry that are used in the production of farm or ranch products are exempt from ad valorem taxation.

The annotations to the Texas Constitution and to the Property Tax Code do not show any Texas cases interpreting these provisions. The parties cite two Attorney General Opinions, MW–451 (1982) and JM–718 (1987), which discuss the ad valorem tax exemption for farm implements under Section 11.161. Those opinions are not binding upon the appellate courts which are called upon to interpret the statute, but they can be persuasive.

Attorney General Mark White expressed the opinion in MW–451 (1982) that "implements" which are exempt under Section 11.161 include:

[T]hose items of *equipment or machinery* whose primary design and primary use or purpose is that of an implement used by a farmer or rancher in conducting his farming or ranching operations; such a determination turns on the facts of any particular case. "Implements of husbandry" cannot as a matter of law include improvement to real property or fixtures; hence, barns, silos and sheds would not qualify. Items which are neither fixtures nor improvements to real property, such as tractors, cultivators, and trailers, could qualify, depending upon the fact situation in each case. (Emphasis added)

Attorney General Jim Mattox expressed the opinion in JM–718 (1987) that:

The phrase "implements of husbandry" in article VIII, section 19a, of the Texas Constitution and section 11.161 of the Tax Code, includes those items of *equipment or machinery* whose primary design and primary use or purpose is that of an implement used by a farmer or rancher in conducting his farming or ranching operations. Such a determination turns on the facts of any particular case. "Implements of husbandry" cannot as a matter of law include improvements to real property or fixtures; hence, barns, silos, and sheds would not qualify. Items that are neither fixtures nor improvements to real property, such as tractors, cultivators, and trailers, could qualify, depending upon the fact situation in each case. (Emphasis added)

■■■ We agree with these two Attorney General Opinions that, in order to be exempt from taxation, the property must

---

5. Appellant argues in point two that the trial court erred in dismissing his protest for the 1989 tax year. See Footnote two. Appellant argues in point three that the trial court erred in excluding the testimony of his expert witness, and he argues in point four that there is no evidence to support the trial court's finding [No. 38] that the plant covers last longer than seven years.

6. Appellant's position is supported by an Amicus Curiae Brief which was received from the Texas Association of Nurserymen. The association argues that the "plant covers" should be exempt from ad valorem taxation as "implements of husbandry" which serve the same purpose as sprinklers, smudge pots, and stack heaters which are also used to protect growing plants from freezing weather.

be either "equipment" or "machinery" in order to qualify as an "implement of husbandry." The winter protection structures are neither equipment nor machinery; consequently, they do not qualify for tax exemption as "implements" of husbandry. The winter protection structures are "structures" or "fixtures" which can affect the value of the property to which they are attached; consequently, they are not exempt from ad valorem taxation as "implements" of husbandry. See and compare *Green Circle Growers, Inc. v. Lorain County Board of Revision*, 35 Ohio St.3d 38, 517 N.E.2d 899 at 900 (1988); *Maines v. Board of Assessors of Town of LaFayette*, 125 A.D.2d 951, 510 N.Y.S.2d 348 at 349 (1986).

We do not agree with appellant's argument that the winter protection structures are comparable to "tents or a tarp which may be thrown over hay and then secured to the ground," nor do we agree with his argument that they are like the "beehives" which were held to be implements of husbandry in *Hickman v. Hickman*, 228 S.W.2d 565 at 568 (Tex.Civ.App.—Eastland), *aff'd*, 149 Tex. 439, 234 S.W.2d 410 (1950). The first point of error is overruled.

The judgment of the trial court is affirmed.