**Otis T. HAWKINS, Appellant,**

v.

**Ron GROOM, Appellee.**

**No. 11–93–225–CV.**

Court of Appeals of Texas, Eastland.

Jan. 12, 1995.

Robert L. Tobey, Coyt Randal Johnston, Johnston & Budner, Dallas, for appellant.

Richard Ray, Canton, Russell Graham, Calame, Linebarger & Graham, Austin, for appellee.

Before McCLOUD *, C.J., and BROWN * and DICKENSON, JJ.

## OPINION

McCLOUD, Chief Justice (Retired).

■ Otis T. Hawkins sued Ron Groom for damages alleging that Groom trespassed and invaded Hawkins' privacy. The trial court granted summary judgment for Groom. Hawkins appeals. We affirm.

Hawkins operated a nursery business in Van Zandt County. During the winter months, Hawkins covered his plants and shrubs with a polyethylene plastic fastened to curved pipes which were placed in the ground. Groom was the Chief Appraiser for the Van Zandt County Appraisal District. A dispute arose between Hawkins and the Van Zandt County Appraisal District as to whether the plant covers should be taxed as part of the real property. Accompanied by Sammy Gunter, an employee of the Van Zandt County Appraisal District, Groom videotaped Hawkins' property.

A hearing was conducted before the Appraisal Review Board on the issue of assessing taxes against the plant covers during which Groom showed the videotape of Hawkins' property. The plant covers were classified as part of the property, and ad valorem taxes were assessed against the plant covers. Hawkins filed suit against Groom alleging that Groom trespassed and invaded Hawkins'

privacy when Groom videotaped the property.

Hawkins argues in his first point of error that the evidence does not support summary judgment in favor of Groom. We disagree.

To obtain a summary judgment, the movant must establish as a matter of law that no genuine issue of material fact exists. TEX. R.CIV.P. 166a; *Black v. Victoria Lloyds Insurance Company*, 797 S.W.2d 20, 23 (Tex. 1990); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–549 (Tex.1985). We accept all evidence favorable to the non-movant as true; indulge the non-movant with every favorable, reasonable inference; and resolve any doubt in favor of the non-movant. *Black v. Victoria Lloyds Insurance Company*, supra. A defendant moving for summary judgment based on an affirmative defense must conclusively prove all essential elements of his defense as a matter of law. *Black v. Victoria Lloyds Insurance Company*, supra; *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–311 (Tex. 1984). If the movant establishes an affirmative defense which would bar the suit as a matter of law, the non-movant has the burden of raising a fact issue in avoidance of the affirmative defense. *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934, 936–937 (Tex.1972); *Jampole v. Matthews*, 857 S.W.2d 57, 60 (Tex.App.—Houston [1st Dist.] 1993, writ den'd); *Palmer v. Enserch Corporation*, 728 S.W.2d 431, 435 (Tex. App.—Austin 1987, writ ref'd n.r.e.).

While Groom and Gunter stated in their affidavits that they never entered Hawkins' property when making the videotape, Hawkins stated in his affidavit that the videotape was made while Groom was on Hawkins' property. Groom also stated in his affidavit that all of his actions and relations with Hawkins were in connection with the assessment and/or collection of taxes.[1]

■ Hawkins argues that the value of the plant covers had already been assessed by the Appraisal District and that, therefore,

---

* Retired, Court of Appeals, Eastland, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

1. TEX.TAX CODE ANN. § 22.07(a) (Vernon 1992) provides:

   The chief appraiser ... may enter the premises of a business, trade, or profession and inspect the property to determine the existence and market value of tangible personal property used for the production of income and having a taxable situs in the district.

there was no evidence that Groom entered the property to determine the existence and market value of the plant covers. However, TEX.TAX CODE ANN. § 22.07 (Vernon 1992) does not limit the chief appraiser to one entry upon the premises of a business. Here, there was an ongoing dispute as to whether taxes should be assessed against the plant covers.[2] We hold that, even if Groom entered Hawkins' property to make the videotape, such entry was authorized as a matter of law. Hawkins' first point is overruled.

In his second point of error, Hawkins argues that the trial court erred in granting summary judgment because there was a dispute as to whether Groom had produced the videotape that was shown to the Appraisal Review Board. Because we hold that Groom was authorized as a matter of law to enter the premises, we need not reach Hawkins' second point of error.

The judgment of the trial court is affirmed.

DICKENSON, J., not participating.

---

**2.** See *Hawkins v. Van Zandt County Appraisal District,* 834 S.W.2d 619 (Tex.App.—Eastland 1992, writ den'd).