Hernandez v. Honish








NUMBER 13-02-00164-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



GUADALUPE M. HERNANDEZ, INDIVIDUALLY AND AS NEXT FRIEND OF JUAN ANTONIO

HERNANDEZ, MARIA CRUZ HERNANDEZ, CARMEN JULIA HERNANDEZ, AND ISAMAR

KARINA HERNANDEZ, ET AL., Appellants,



v.




GARY HONISH, Appellee.

 


On appeal from the Second 25th District Court

of Lavaca County, Texas.

 



MEMORANDUM OPINION


Before Justices Hinojosa, Castillo, and Chavez (1)

Opinion by Justice Hinojosa



 Appellants, Guadalupe M. Hernandez, individually and as next friend of Juan Antonio Hernandez, Maria Cruz Hernandez,
Carmen Julia Hernandez, and Isamar Karina Hernandez; Maria de los Angeles Hernandez Morales; Yolanda Hernandez;
Juana Hernandez; Victor M. Hernandez; and Jose Guadalupe Hernandez, appeal from the trial court's order granting the
motions for summary judgment of appellee, Gary Honish. In six issues appellants contend the trial court erred in granting
appellee's motions for summary judgment because a material fact exists regarding whether Honish owed a common-law or
statutory duty toward his employee and whether the lack of a slow-moving-vehicle emblem was the proximate cause of the
accident. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.4.

A. Summary Judgment


 We review the granting of a traditional motion for summary judgment de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d
695, 699 (Tex. 1994); Tex. Commerce Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.-Corpus Christi
2000, pet. denied). To prevail, the moving party has the burden of showing that there is no genuine issue of material fact
and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant will be
taken as true, and all reasonable inferences made, and all doubts resolved, in his favor. Am. Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997). Summary judgment is proper if the movant disproves at least one element of each of the
plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim. Id.

 By contrast, a no-evidence summary judgment presented under Texas Rule of Civil Procedure 166a(i) is equivalent to a
pretrial directed verdict and this Court applies the same legal sufficiency standard on review. Zapata v. The Children's
Clinic, 997 S.W.2d 745, 747 (Tex. App.-Corpus Christi 1999, pet. denied). This Court reviews the evidence in the light
most favorable to the nonmovant, disregarding all contrary evidence and inferences. KPMG Peat Marwick v. Harrison
County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex.
1995).

 When a motion for summary judgment is presented asserting there is no evidence of one or more essential elements of a
claim or defense on which the nonmovant would have the burden of proof at trial, the movant does not bear the burden of
establishing each element of its own claim or defense. Gen. Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832 (Tex.
App.-Dallas 2000, no pet.); Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 432-33 (Tex. App.-Houston [14th Dist.] 1999,
no pet.); see also Tex. R. Civ. P. 166a(i). Instead, the burden shifts entirely to the nonmovant to present enough evidence to
be entitled to a trial: evidence that raises a genuine fact issue on the challenged elements. See Tex. R. Civ. P. 166a cmt. If
the nonmovant is unable to proffer enough evidence, the trial court must grant the motion. Lampasas, 988 S.W.2d at 433. 
A no-evidence summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence to
raise a genuine issue of material fact. Zapata, 997 S.W.2d at 747. Less than a scintilla of evidence exists when the
evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983); Zapata, 997 S.W.2d at 747. More than a scintilla of evidence exists when the evidence rises to
a level that would enable reasonable and fair-minded people to differ in their conclusions. Transp. Ins. v. Moriel, 879
S.W.2d 10, 25 (Tex. 1994). When, as here, a trial court's order granting a motion for summary judgment does not specify
the ground or grounds relied on for its ruling, the appellate court will affirm the summary judgment if any of the theories
advanced are meritorious. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001); Boren v. Bullen, 972 S.W.2d 863,
865 (Tex. App.-Corpus Christi 1998, no pet.). Likewise, where the order granting the summary judgment does not state the
grounds upon which it was granted, the nonmovant must show on appeal that each independent ground alleged is
insufficient to support the summary judgment. Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Williams
v. City of Dallas, 53 S.W.3d 780, 784 (Tex. App.-Dallas 2001, no pet.).

 In their First Amended Original Petition, appellants alleged that Honish was negligent by: 1) failing to provide an escort
vehicle to help transport the tractor from one tract of land to the other, as part of certain common law duties owed to Juan
Jose Hernandez, which include providing a safe place to work and safe implements with which to work and to take
reasonable precautions for his safety; 2) failing to provide a place of employment that was reasonably safe and healthful, to
use methods and safeguards necessary to protect the life, health and safety of the employee, and to take all other actions
reasonably necessary to make his employment and place of employment safe pursuant to section 411.103 of the Texas
Labor Code; and 3) failing to provide a slow-moving-vehicle emblem on the tractor. Appellants alleged that such acts of
negligence were the proximate cause of the death of Juan Jose Hernandez.

 In his motions for summary judgment, Honish asserted there is no duty requiring him to provide an escort vehicle, and he
owed no duty under the Texas Labor Code. Furthermore, Honish asserted there is no issue of material fact that his failure to
provide a slow-moving-vehicle emblem on the tractor was the proximate cause of appellants' damages.

B. Negligence


1. Duty


 The common law doctrine of negligence consists of three elements: (1) a legal duty owed by one person to another; (2) a
breach of that duty; and (3) damages proximately resulting from the breach. Van Horn v. Chambers, 970 S.W.2d 542, 544
(Tex. 1998);Praesel v. Johnson, 967 S.W.2d 391, 394 (Tex. 1998); Greater Houston Transp. Co. v. Phillips, 801 S.W.2d
523, 525 (Tex. 1990); El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987). The plaintiff must establish both the
existence of a duty and the violation of that duty to establish liability in tort. Greater Houston Transp., 801 S.W.2d at 525;
El Chico, 732 S.W.2d at 311. The existence of a duty is a threshold question of law. Van Horn, 970 S.W.2d at 544; St.
John v. Pope, 901 S.W.2d 420, 424 (Tex. 1995); Bird v. W.C.W., 868 S.W.2d 767, 769 (Tex. 1994). The nonexistence of a
duty ends the inquiry into whether negligence liability may be imposed. Van Horn, 970 S.W.2d at 544; St. John, 901
S.W.2d at 424; Graff v. Beard, 858 S.W.2d 918, 919 (Tex. 1993). 

 The question of legal duty is a multifaceted issue requiring us to balance a number of factors such as the risk and
foreseeability of injury, the social utility of the actor's conduct, the consequences of imposing the burden on the actor, and
any other relevant competing individual and social interests implicated by the facts of the case. Otis Eng'g Corp. v. Clark,
668 S.W.2d 307, 309 (Tex. 1983); see 1 J. Hadley Edgar, Jr. & James B. Sales, Texas Torts and Remedies § 1.03[2][b]
(2000). Although the formulation and emphasis varies with the facts of each case, three categories of factors have emerged:
(1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public
policy considerations. See Graff, 858 S.W.2d at 920; Greater Houston Transp., 801 S.W.2d at 525.

a. Common Law Duty


 Despite appellants' contention that Honish had a duty to provide an escort vehicle to help transport the tractor from one
tract of land to the other, we find nothing in the record showing that such a duty exists. Appellants cite no Texas case law,
and we have found none, imposing a duty to provide an escort vehicle for a farm tractor. Furthermore, after considering
risk, foreseeability, and likelihood of injury as weighed against the social utility of the actor's conduct, the magnitude of the
burden of guarding against the injury, and the consequences of imposing the burden on the employer, we are not willing to
impose a new common law duty. See Otis Eng'g Corp., 668 S.W.2d at 309.

b. Statutory Duty under the Labor Code


 Section 411.103 of the Texas Labor Code is contained in the Worker's Compensation title. Section 411.002 provides for
the application of Chapter 411 as follows:

 


 An employer who obtains workers' compensation insurance coverage is subject to this chapter.




 


 An employer is subject to this chapter if the employer:




 


 
 is not required to and does not obtain workers' compensation insurance coverage; and


 


 


 
 employs five or more employees not exempt from workers' compensation insurance coverage.
 


 



Tex. Lab. Code Ann. §411.002 (Vernon 1996). 

 Section 406.002 provides, "Except for public employers and as otherwise provided by law, an employer may elect to
obtain workers' compensation insurance coverage. . . . An employer who elects to obtain coverage is subject to this
subtitle." Tex. Lab. Code Ann. §406.002 (Vernon 1996). 

 In support of his motion for summary judgment, Honish attached his affidavit attesting that prior to April 7, 2000: (1) he
was never a public employer; (2) he was never required to obtain workers' compensation insurance coverage; (3) he never
elected to obtain workers' compensation insurance coverage; and (4) he never employed five or more employees not
exempt from workers' compensation insurance. We find no summary judgment evidence in the record contradicting
Honish's affidavit. Accordingly, we conclude that Honish owed no duty to his employee, Juan Jose Hernandez, under
section 411.103 of the Texas Labor Code.

 Accordingly, we hold the trial court did not err in granting appellee's motions for summary judgment on the issue of duty.

2. Proximate Cause


 Proximate cause comprises two elements: cause-in-fact and foreseeability. Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d
778, 784 (Tex. 2001); Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995). The test for
cause-in-fact is whether the act or omission was a substantial factor in causing the injury "without which the harm would
not have occurred." Lee Lewis Constr., 70 S.W.3d at 784. Foreseeability means that an "actor, as a person of ordinary
intelligence, should have anticipated the dangers that his negligent act created for others." Travis v. City of Mesquite, 830
S.W.2d 94, 98 (Tex. 1992). Foreseeability does not require an actor to anticipate the precise manner in which the injury
will occur; instead, the injury need only be of a general character that the actor might reasonably anticipate. Lee Lewis
Constr., 70 S.W.3d at 785.

 The only summary judgment evidence on the issue of proximate cause presented to the trial court was the deposition
testimony of Albert Self ("Self"). Self was the driver of the truck and trailer which struck the tractor from behind, killing
Juan Jose Hernandez.

 Self testified that as he came over the hill, he had no trouble seeing the plow. He said the tractor and plow had no reflector
on the back, but that even if there had been a reflector, he would not have applied his brakes any sooner. Self testified he
had no driver's license, no speedometer, no back brakes, and no trailer brakes. If the brakes had been working properly,
Self said he could have stopped the vehicle. He further testified that the trailer was loaded with one yard of gravel and
sand, two fifty-five gallon drums of water, a concrete mixer, shovels, and rakes. No other evidence was submitted which
raised a genuine issue of material fact regarding whether the lack of a slow-moving-vehicle emblem was a "substantial
factor in causing the injury without which the harm would not have occurred."

 We conclude the summary judgment evidence does not raise a genuine issue of material fact on the issue of proximate
cause. Accordingly, we hold the trial court did not err in granting appellee's motions for summary judgment on the issue of
proximate cause.

 In light of our disposition on these issues, it is unnecessary to address appellants' remaining issues. See Tex. R. App. P.
47.1.

 We affirm the trial court's order granting appellee's motions for summary judgment.



FEDERICO G. HINOJOSA

Justice





Opinion delivered and filed this the

24th day of July, 2003.

 

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).