July 22, 2013

The Honorable Harvey Hilderbran
Chair, Committee on Ways & Means
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1015

Re: Whether machinery and equipment at a cattle feedlot are used in the "production of farm or ranch products" for purposes of Tax Code section 11.161 (RQ-1113-GA)

Dear Representative Hilderbran:

Section 11.161 of the Tax Code provides that "[m]achinery and equipment items that are used in the production of farm or ranch products . . . regardless of their primary design, are considered to be implements of husbandry and are exempt from ad valorem taxation." TEX. TAX CODE ANN. § 11.161 (West 2008); *see also* TEX. CONST. art. VIII, § 19a. You ask whether machinery and equipment used at a cattle feedlot are "used in the production of farm or ranch products" and therefore exempt from ad valorem taxation under section 11.161.[1] Your question concerns not the tax status of a specific item of machinery and equipment but whether, generally speaking, "a cattle feedlot is engaged in the production of farm or ranch products" for purposes of section 11.161.[2] Request Letter at 1 (emphasis omitted). You tell us the Comptroller has issued administrative guidance to all chief appraisers in the state regarding section 11.161, in which she concludes that "machinery and equipment used at a feedlot for the production of livestock held for sale in the regular course of business is exempt from property taxation." *Id.* at 4; *see also* TEX. TAX CODE ANN. § 5.08(a) (West 2008) (authorizing the Comptroller to provide professional and technical assistance in appraising property). Despite the Comptroller's guidance, you are concerned about apparently inconsistent property tax treatment among cattle feedlot owners statewide, which you attribute in part to confusion about whether a cattle feedlot "produces" farm or ranch products. Request Letter at 1, 4.

---

[1]Letter from Honorable Harvey Hilderbran, Chair, House Comm. on Ways & Means, to Honorable Greg Abbott, Tex. Att'y Gen. at 1, 4 (Feb. 15, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Whether any particular piece of equipment or machinery is ultimately exempt from ad valorem taxation as an implement of husbandry under section 11.161 depends, of course, on the facts of the situation. *Hawkins v. Van Zandt Cnty. Appraisal Dist.*, 834 S.W.2d 619, 621 (Tex. App.—Eastland 1992, writ denied); Tex. Att'y Gen. Op. No. MW-451 (1982) at 3–5. *But see* Tex. Att'y Gen. Op. No. JM-718 (1987) at 4 (construing the phrase "implements of husbandry" in section 11.161 to exclude improvements to real property or fixtures).

The Tax Code does not define the phrase "farm or ranch products" for purposes of section 11.161, and no court or opinion of this office has considered the question. However, in a related agricultural provision exempting certain farm products from taxation, the Tax Code defines the term "farm products" to include "livestock." TEX. TAX CODE ANN. § 11.16(c)(1) (West 2008); *see also* TEX. AGRIC. CODE ANN. § 1.003(3) (West Supp. 2012) (defining "livestock" to include cattle). Similarly, the Labor Code defines the term "production of livestock" for purposes of exempting agricultural employers from certain minimum wage provisions to include "production of livestock in feedlots." TEX. LAB. CODE ANN. § 62.160(c)(3) (West Supp. 2012); *see also Guthery v. Taylor*, 112 S.W.3d 715, 721 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (providing that "when construing a statutory word or phrase, a court may take into consideration the meaning of the same or similar language used . . . in another act of similar nature"). While such definitions elsewhere in the Tax Code do not conclusively establish the meaning of "farm or ranch products" for purposes of section 11.161, they lend strong support to the view that livestock is a farm or ranch product that a cattle feedlot produces.

As you note, the Comptroller has already determined that a cattle feedlot is engaged in the production of farm or ranch products for purposes of section 11.161. Request Letter at 3–4.[3] The Comptroller has extensive authority with respect to local taxation. *See generally* TEX. TAX CODE ANN. §§ 5.03–.16 (West 2008 & Supp. 2012). In particular, the Legislature has charged the Comptroller with providing guidance to appraisal districts, including adopting rules establishing minimum standards for the administration and operation of appraisal districts, training appraisers and appraisal review board members, issuing appraisal manuals and other publications, and as she has done here, providing professional and technical assistance in appraising property. *Id.* §§ 5.03, 5.04–5.041, 5.05, 5.08(a); *see also In re ExxonMobil Corp.*, 153 S.W.3d 605, 611 n.11 (Tex. App.—Amarillo 2004, pet. denied) (describing the "substantial involvement" of the Comptroller under the Tax Code in the work of appraisal districts). The Comptroller has advised chief appraisers that formal administrative hearing decisions and opinions of her office "support the proposition that feed lots are farms or ranches" for sales tax purposes and should be treated as such for property tax purposes. Comptroller's Guidance at 2. The Comptroller cited Tax Code subsection 151.316(a)(7), which exempts from sales tax certain equipment used on a farm or ranch, and subsection 151.316(c), which defines "farm or ranch" for purposes of the exemption to expressly include "feedlots." *Id.* at 1; *see* TEX. TAX CODE ANN. § 151.316(a)(7), (c) (West Supp. 2012). The Comptroller also relied on previous sales tax determinations of her office in which the terms "machinery and equipment" and "farm or ranch" were extended to encompass feedlots. Comptroller's Guidance at 1–2. On this basis, she determined that feedlot operations are farms or ranches for purposes of Tax Code section 11.161. *Id.* at 2.

---

[3]*See* Letter from Ms. Deborah Cartwright, Dir., Prop. Tax Assistance Div., Office of the Comptroller, to Chief Appraisers (June 1, 2010) (on file with the Op. Comm.) ("Comptroller's Guidance").

Construction of a statute by the administrative agency charged with its enforcement "is entitled to 'serious consideration,' so long as the construction is reasonable" and "'does not contradict the plain language of the statute.'" *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624–25 (Tex. 2011) (citations omitted).  Given the Legislature's designation of the Comptroller as an authority on matters related to the appraisal of property and her role in administering sales tax, her reasonable interpretation of the Tax Code is entitled to serious consideration.  The Comptroller's construction of the phrase "production of farm or ranch products" to include the operation of a cattle feedlot is plainly reasonable and does not contravene any statute.  *See* TEX. TAX CODE ANN. §§ 5.03, 5.04–5.041, 5.05, 5.08(a) (West 2008 & Supp. 2012); *see also id.* §§ 321.301, 323.301 (West 2008) (authorizing the Comptroller to oversee the administration of municipal and county sales taxes).  Accordingly, a court would likely uphold the Comptroller's interpretation of Tax Code section 11.161 that a cattle feedlot is engaged in the production of farm or ranch products.

**S U M M A R Y**

      The Comptroller's interpretation of Tax Code section 11.161, that a cattle feedlot is engaged in the "production of farm or ranch products," is reasonable and does not contravene any statute. Accordingly, a court would likely uphold the Comptroller's interpretation of section 11.161.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee