■ In the Matter of SPECTAPARK ASSOCIATES, Respondent, v CITY OF ALBANY DEPARTMENT OF ASSESSMENT AND TAXATION et al., Appellants. (And Another Related Proceeding.) [784 NYS2d 256]—

Peters, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered August 5, 2003 in Albany County, which, inter alia, granted petitioner's application, in a proceeding pursuant to RPTL article 7, to declare petitioner's parking garage tax exempt.

By lease dated January 27, 1989, petitioner and the County of Albany agreed that petitioner would construct and then operate, "for purposes consistent with and for the benefit of the Albany County Civic Center Project and the Master Plan," a 1,000 car public parking garage on County-owned land adjacent to what is currently known as the Pepsi Arena in the City of Albany. Nominal title to the garage was to remain with petitioner for a 50-year term, after which title to the garage would automatically transfer, without cost, to the County. Shortly after construction was complete, respondent City of

Albany levied real estate taxes upon the garage and billed them to the County. The County paid the taxes, without objection, until 1998 when it commenced a successful action against petitioner alleging that petitioner was contractually required to pay them. Petitioner then commenced this proceeding to have the garage declared tax exempt.* Supreme Court found that despite the language in the lease which purported to place title to the garage, as an improvement, in petitioner, RPTL 406 (1) authorized the garage to be designated as tax-exempt municipal property since it is being used for a public purpose and the County retained beneficial ownership. Respondents appeal.

The issue here distills to whether, despite contrary contractual provisions, the County, as lessor, has exercised such dominion and control of the improvement as to warrant a finding that it retained beneficial ownership (*see Matter of Metromedia [Foster & Kleiser Div.] v Tax Commn. of City of N.Y.*, 60 NY2d 85, 91 [1983]; *Matter of United States of Am. v Tax Commn. of City of N.Y.*, 22 AD2d 290, 294 [1964]). Typically, a structure erected by a tenant on leased property will be deemed part of the realty (*see Matter of Colleges of Senecas v City of Geneva*, 94 NY2d 713, 716 [2000]). While parties may, by agreement, separate ownership of the improvement from the land, such agreement will not be deemed conclusive for real property taxation purposes (*see Matter of Metromedia [Foster & Kleiser Div.] v Tax Commn. of City of N.Y., supra* at 91; *Matter of United States of Am. v Tax Commn. of City of N.Y., supra* at 294; *Matter of National Cold Stor. Co. v Boyland*, 16 AD2d 267, 274-275 [1962], *affd* 12 NY2d 808 [1962]). Additionally, although the obligation to erect, design and remove a structure at the end of a term has been found to be a significant indicia of ownership, courts have also considered whether a tenant can make the determination to rebuild in case of substantial damage and who would be the recipient of the insurance proceeds (*see Matter of Colleges of Senecas v City of Geneva, supra* at 718; *Matter of National Cold Stor. Co. v Boyland, supra* at 268-269).

Here, the terms of the lease clearly dictate that while petitioner has the right to claim depreciation and a portion of excess insurance in the event of a total loss, the County is the primary beneficiary of insurance proceeds, has precluded petitioner from unilaterally deviating from its construction plans and retains full title to the garage, at no cost, upon

---

* Both this RPTL proceeding and a CPLR article 78 proceeding were commenced. Supreme Court dismissed the CPLR article 78 proceeding as moot by finding that the instant RPTL proceeding was the proper vehicle for the relief requested.

termination of the leasehold. Petitioner is unable to unilaterally alter or affix advertising to the garage and is required to repair all damage at its own cost and expense. Petitioner must also abide by a detailed list of operational requirements, all consistent with the Master Plan. For these reasons, we agree with Supreme Court that, despite the parties' agreement, the County exercised such dominion and control over the garage to warrant a finding that it retained beneficial ownership.

In light of this determination, we next assess whether the garage is used for a public purpose (*see* RPTL 406 [1]). While we acknowledge that the issue was never raised as a challenge to the exemption, the lease specifically provides that the garage was built to provide parking so that the public could access the Pepsi Arena—a "purpose[ ] consistent with and for the benefit of the Albany County Civic Center Project and the Master Plan," a use acknowledged by the City at the time of the parties' agreement. For these reasons, we agree that the garage is held for a public purpose (*see Matter of County of Clinton v Drollette*, 6 AD3d 968, 969-970 [2004], *lv denied* 3 NY3d 606 [2004]; *compare Matter of County Tennis Club of Westchester v Office of Assessor for Vil. of Scarsdale*, 261 AD2d 616 [1999]), and that it was properly declared exempt from taxation under RPTL 406 (1).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.