■ In the Matter of UNITED HEALTH SERVICES HOSPITALS, INC., Respondent, v ASSESSOR OF THE TOWN OF VESTAL et al., Appellants. [997 NYS2d 786]—

Rose, J. Appeal from a judgment of the Supreme Court (Mulvey, J.), entered August 12, 2013 in Broome County, which partially granted petitioner's application, in a proceeding pursuant to RPTL article 7 and CPLR article 78, to annul a determination of respondent Board of Assessment Review of the Town of Vestal denying petitioner's application for a real property tax exemption.

Petitioner, a not-for-profit corporation that operates hospitals and provides related health care services, entered into a ground lease designating it as the owner of all improvements on land owned by nonparty FGR Vestal, LLC in the Town of Vestal, Broome County. Petitioner then constructed a building and other improvements on the land to be operated as a hospital extension clinic for hospital purposes. When petitioner's application for a real property tax exemption for the entire parcel was unsuccessful, it commenced this proceeding pursuant to RPTL article 7 and CPLR article 78 seeking, among other things, an order directing respondents to grant the exemption. After petitioner conceded that it was not entitled to an exemption on the land and that 3.95% of the building was not exempt, Supreme Court granted the remainder of the petition and directed a partial exemption from taxation in the amount of 96.05% of the assessed value of petitioner's building and other improvements. Respondents appeal, contending that petitioner is not entitled to an exemption because it is not the true owner of the improvements.*

As relevant here, RPTL 420-a mandates that "[r]eal property *owned* by a corporation or association organized or conducted exclusively for . . . hospital . . . purposes, and used exclusively for carrying out thereupon one or more of such purposes . . . shall be exempt from taxation" (RPTL 420-a [1] [a] [emphasis added]). Land and buildings are separately defined as taxable forms of real property (*see* RPTL 102 [12] [a], [b]), and a landlord and tenant may agree to their separate ownership (*see Matter of National Cold Stor. Co. v Boyland*, 16 AD2d 267, 268-269 [1962], *affd* 12 NY2d 808 [1962]). The mere labeling of a tenant as "owner," however, is not conclusive for real property taxation purposes (*see Matter of Colleges of the Seneca v City of*

---

* Although respondents also contend that Supreme Court should have limited its review to whether their determination was arbitrary and capricious or lacked a rational basis, a proceeding challenging the denial of a real property tax exemption "is in the nature of a trial de novo" (*Matter of Eternal Flame of Hope Ministries, Inc. v King*, 76 AD3d 775, 777 [2010], *affd* 16 NY3d 778 [2011] [internal quotation marks and citation omitted]; *see e.g. Matter of Maetreum of Cybele, Magna Mater, Inc. v McCoy*, 111 AD3d 1098, 1102 [2013], *affd* 24 NY3d 1023 [2014]).

*Geneva,* 94 NY2d 713, 716-717 [2000]; *Matter of Metromedia, Inc. [Foster & Kleiser Div.] v Tax Commn. of City of N.Y.,* 60 NY2d 85, 91 [1983]; *Matter of Spectapark Assoc. v City of Albany Dept. of Assessment & Taxation,* 12 AD3d 800, 801-802 [2004], *lv denied* 4 NY3d 705 [2005]; *Matter of National Cold Stor. Co. v Boyland,* 16 AD2d at 275). Rather, the question of ownership turns on whether the lease agreement confers incidents of ownership upon the tenant or whether the landlord retains such dominion and control over the property that it must be deemed the beneficial owner for tax purposes (*see Matter of Colleges of the Seneca v City of Geneva,* 94 NY2d at 717-718; *Matter of Spectapark Assoc. v City of Albany Dept. of Assessment & Taxation,* 12 AD3d at 801; *Matter of National Cold Stor. Co. v Boyland,* 16 AD2d at 274-275).

Here, the lease expressly vests title to all improvements on the property in petitioner as owner and grants petitioner significant incidents of ownership. For example, petitioner is entitled to claim depreciation on the improvements and is insured to the full extent of its interest in the building. In the event of substantial destruction of the improvements, petitioner has the right to determine whether to rebuild and, in the event of condemnation proceedings, petitioner is to receive the value of its present interest in the improvements. Petitioner also has the sole right to contest any tax assessment of the property, obtain a mortgage on the improvements, which it has done, and remove the improvements at the end of the lease term. Title to the improvements and the right to remove them vest in the landlord only in the event that petitioner abandons them at the termination of the lease. Finally, it is undisputed that the landlord does not retain any control over petitioner's operation of its improvements as a health care facility.

We agree with Supreme Court that these incidents of ownership are sufficient to establish that petitioner is the owner of the improvements for purposes of RPTL 420-a (*see Matter of Colleges of the Seneca v City of Geneva,* 94 NY2d at 718; *Matter of Metromedia, Inc. [Foster & Kleiser Div.] v Tax Commn. of City of N.Y.,* 60 NY2d at 91; *Matter of National Cold Stor. Co. v Boyland,* 16 AD2d at 274-275). Further, as Supreme Court correctly found, the lease requirements that petitioner use the improvements as a health care facility and obtain the landlord's consent for alterations and additions to the improvements that are in excess of $250,000 are in the nature of restrictive covenants on ownership. They cannot be said to limit petitioner's rights to those of a mere tenant for a term of years (*cf. Matter of Al-Ber, Inc. v New York City Dept. of Fin.,* 80 AD3d 760, 761

[2011], *lv denied* 16 NY3d 712 [2011]; *Matter of Spectapark Assoc. v City of Albany Dept. of Assessment & Taxation*, 12 AD3d at 801-802; *Matter of United States of Am. v Tax Commn. of City of N.Y.*, 22 AD2d 290, 294 [1964]).

Stein, J.P., Garry, Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed, without costs.